1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

9
10
11

| | |
|---|---|
| GREGORY NICHOLAS STESHENKO, | Case No.  13-CV-03400-LHK |
| Plaintiff, | 13-CV-04948-LHK |
| v. | |
| SUZANNE GAYRARD, et al., | **ORDER DENYING PLAINTIFF'S MOTIONS FOR § 1292(B) CERTIFICATION FOR INTERLOCUTORY REVIEW** |
| Defendants. | |
| GREGORY NICHOLAS STESHENKO, | Re: Dkt. No. 32, 48 |
| Plaintiff, | |
| v. | |
| GERALDINE ALBEE, et al., | |
| Defendants. | |

On May 20, 2014, the Court granted Defendants' motions to dismiss in 13-CV-03400 and 13-CV-04948. On May 21, 2014, Plaintiff filed the same motion for certification for interlocutory review of the Court's May 20, 2014 Orders in both actions. Defendants have not filed oppositions to Plaintiff's motions for certification for interlocutory review of the Court's May 20, 2014 Orders.

1

United States District Court
Northern District of California

On June 16, 2014, Defendants in both actions filed a second set of motions to dismiss. The Court granted in part and denied in part Defendants' second round of motions to dismiss in both actions on September 29, 2014. Plaintiff filed Second Amended Complaints in both actions and has opposed Defendants' third round motions to dismiss, which are currently pending. Discovery is ongoing in both actions.

Having considered Plaintiff's filings, the record in these actions, and the relevant law, the Court DENIES Plaintiff's § 1292(b) certification motions.

## I.    BACKGROUND

In this Court's May 20, 2014 Orders in both *Steshenko v. Gayrard*, No. 13-3400 and *Steshenko v. Albee*, No. 13-4948, the Court dismissed without leave to amend several of Plaintiff's claims alleging violations of the Age Discrimination Act of 1975, 42 U.S.C. § 6102.

In *Gayrard*, No. 13-3400, the Court found that the Age Discrimination Act does not authorize recovery of monetary damages or suits against individual defendants. *Gayrard* Order at 9. As to monetary damages, the Court noted that the explicit judicial remedy of the Age Discrimination Act is limited to injunctive relief and attorney's fees. Relying on the plain text of the statute, as well as other district court cases addressing damages under the Age Discrimination Act, the Court held that Plaintiff could not seek monetary damages from the individual Defendants. *Id.* (citing *Rasmussen v. State DMV*, No. CV 08-1604-FMC (PLA), 2008 U.S. Dist. LEXIS 120895, at *14–15 n.3 (C.D. Cal. Nov. 25, 2008), *Montalvo-Padilla v. Univ. of Puerto Rico*, 498 F. Supp. 2d 464, 468 (D.P.R. 2007), and *Tyrrell v. City of Scranton*, 134 F. Supp. 2d 373, 383 (M.D. Pa. 2001)). The Court further held that the Age Discrimination Act prohibits only "programs or activities" receiving federal financial assistance from discriminating on the basis of age. As the individual Defendants are not "programs or activities" under the statutory definition and do not "receive federal financial assistance," the Court concluded that Plaintiff could not sue Defendants Gayrard and Abramson under the Age Discrimination Act. *Gayrard* Order at 10–11

2

United States District Court
Northern District of California

1    (quoting 42 U.S.C. § 6107(4)(B)(i)). As such, the Court dismissed Plaintiff's Age Discrimination

2    Act claims against Defendants Gayrard and Abramson with prejudice.

3            In *Albee*, No. 13-4948, the Court found that the comprehensive remedial scheme in the

4    Age Discrimination Act precluded § 1983 claims. The Court noted that neither the parties nor the

5    Court were able to find any cases addressing whether a plaintiff may bring suit pursuant to § 1983

6    to enforce the Age Discrimination Act. *See Albee* Order at 13–14. Applying *Ahlmeyer v. Nev. Sys.*

7    *of Higher Educ.*, 555 F.3d 1051 (9th Cir. 2009), the Court held that the Age Discrimination Act,

8    like the Age Discrimination in Employment Act, contained a comprehensive remedial scheme.

9    More specifically, the Court analyzed the presence of agency oversight and enforcement of the

10    Age Discrimination Act, the administrative remedy available to complainants, and the private

11    cause of action for injunctive relief under § 6104(e)(1)(f). In light of these alternative methods for

12    enforcing the Age Discrimination Act, the Court concluded that these provisions "suggest[] that

13    Congress intended to preclude other methods of enforcement." *See Albee* Order at 14 (citing

14    *Alexander v. Sandoval*, 532 U.S. 275, 290 (2001)). Consequently, the Court dismissed Plaintiff's

15    § 1983 claim under the Age Discrimination Act without leave to amend.

16    **II.      LEGAL STANDARD**

17            A district court may, in its discretion, certify an interlocutory order in a civil action for

18    appellate review when the court is of "the opinion that such order involves a controlling question

19    of law as to which there is substantial ground for difference of opinion and that an immediate

20    appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C.

21    § 1292(b). "[T]he legislative history of 1292(b) indicates that this section was to be used only in

22    exceptional situations in which allowing an interlocutory appeal would avoid protracted and

23    expensive litigation." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982). "Section

24    1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore

25    must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 n.6 (9th Cir.

26                                              3

United States District Court
Northern District of California

1    2002).

2    **II.    DISCUSSION**

3         Plaintiff requests the Court certify two separate orders to the Ninth Circuit for interlocutory

4    appeal that pose the following two issues: (1) whether individual defendants may be sued for

5    monetary damages under the Age Discrimination Act; and (2) whether the Age Discrimination

6    Act's remedial scheme precludes § 1983 claims. The Court addresses each question separately.

7         **A.    *Steshenko v. Gayrard*, No. 13-3400: Age Discrimination Act Claims Against**

8    **Individual Defendants for Monetary Damages**

9         The Court concludes that Plaintiff has failed to show any "substantial ground for difference

10   of opinion." 28 U.S.C. § 1292(b). Plaintiff has not cited any authority or offered any argument that

11   might support the conclusion that the plain language of the Age Discrimination Act does not

12   preclude suits against individual employees for damages. As the Court noted in its May 20, 2014

13   Order, every other court to have addressed this issue has concluded that the Age Discrimination

14   Act does not authorize suits against individual defendants for damages. As to damages, those

15   cases and this Court relied on § 6104(e)(1)'s explicit provision for private suits seeking injunctive

16   relief and attorney's fees and the corresponding absence of any statutory language inferring or

17   implying a private cause of action for damages. *See, e.g.*, *Tyrrell*, 134 F. Supp. 2d at 383–84

18   (citing *Thompson v. Thompson*, 484 U.S. 174, 179 (1988)). As to individual defendants, those

19   cases and this Court relied on § 6107(4)(B)(i)'s definition of "program or activity" and the

20   requirement that the "program or activity" be one that receives federal financial assistance. § 6102.

21   Plaintiff offers no plausible argument as to how the individual defendants could satisfy either

22   requirement, or why reasonable jurists might disagree as to the interpretation of either of these

23   explicit statutory requirements. *See Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 687–88

24   (9th Cir. 2011)

25        In sum, the Court finds that while the issue of whether the Age Discrimination Act

26                                                     4

27   Case Nos.:13-cv-03400-LHK; 13-CV-04948-LHK
     ORDER DENYING PLAINTIFF'S MOTIONS FOR § 1292(B) CERTIFICATION FOR INTERLOCUTORY
28   REVIEW

United States District Court
Northern District of California

United States District Court
Northern District of California

1   authorizes suits against individual damages for damages is a controlling question of law, Plaintiff

2   has failed to show there is a "substantial ground for difference of opinion," as required by

3   § 1292(b). Plaintiff's mere disagreement with the Court's conclusion is insufficient to show that

4   there is a "substantial ground for difference of opinion." *See Couch v. Telescope, Inc.*, 611 F.3d

5   629, 633 (9th Cir. 2010). This may be a "novel" question in that the Ninth Circuit has not

6   specifically addressed this issue, but novelty alone is insufficient unless there is "such a substantial

7   difference of opinion as will support an interlocutory appeal." *Id.* (quoting 3 Fed. Procedure §

8   3:212 (2010)). The Court therefore denies Plaintiff's request to certify the May 20, 2014 Order in

9   *Gayrard* for interlocutory appeal under § 1292(b).

10          **B.**     ***Steshenko v. Albee***, **No. 13-4948: Age Discrimination Act's Remedial Scheme**

11   **and § 1983 Claims**

12          As an initial matter, the Court acknowledges that the issue of whether the remedial scheme

13   of the Age Discrimination Act of 1975 is sufficiently comprehensive as to preclude § 1983 claims

14   is a question of law. Moreover, the Court's finding that Congress intended to preclude § 1983

15   claims under the Age Discrimination Act was dispositive as to those claims.

16          However, as with the first issue for certification, Plaintiff has not shown that there is

17   substantial ground for difference of opinion. Plaintiff's "strong disagreement with the Court's

18   ruling is not sufficient for there to be a substantial ground for difference of opinion" as required by

19   § 1292(b). *Couch*, 611 F.3d at 933. Here, the Court relied on relevant Ninth Circuit and Supreme

20   Court authority in concluding that the Age Discrimination Act's remedial scheme was sufficiently

21   comprehensive as to preclude claims under § 1983. *See Albee* Order at 13–14. The Court weighed

22   the statute's remedial scheme, including provisions for agency review and enforcement,

23   administrative remedies, and a limited judicial remedy. Analogizing to the Ninth Circuit's

24   decision in *Ahlmeyer* regarding the comprehensive nature of the remedial scheme in the Age

25   Discrimination in Employment Act, the Court concluded that the Age Discrimination Act's

26                                                                5

27   Case Nos.:13-cv-03400-LHK; 13-CV-04948-LHK
     ORDER DENYING PLAINTIFF'S MOTIONS FOR § 1292(B) CERTIFICATION FOR INTERLOCUTORY
28   REVIEW

remedial scheme precluded actions under § 1983. *See* 555 F.3d at 1055–61.

Plaintiff contends that there is a split of authority as to whether the Age Discrimination in Employment Act precludes § 1983 claims.[1] It is true that the Seventh Circuit has split with the First, Third, Fourth, Fifth, Ninth, Tenth, and D.C. Circuits as to whether the Age Discrimination in Employment Act is sufficiently comprehensive as to preclude § 1983 claims. *See Levin v. Madigan*, 692 F.3d 607, 615–16 (7th Cir. 2012); *Hildebrand v. Allegheny Cnty*, 757 F.3d 99 (3d Cir. 2014). In *Levin*, the Seventh Circuit concluded that the ADEA's remedial scheme, while comprehensive, does not provide a remedy for violations of constitutional rights separate and apart from the substantive rights created by the statute itself. *Id.* The controlling authority in this circuit, however, holds that "the ADEA precludes the assertion of age discrimination in employment claims, even those seeking to vindicate constitutional rights, under § 1983." *Ahlmeyer*, 555 F.3d at 1057. Plaintiff may take issue with the Ninth Circuit's decision in *Ahlmeyer*, but that does not provide grounds for an interlocutory appeal of this Court's order applying controlling authority. *See, e.g.*, *Couch*, 611 F.3d at 633 ("[T]raditionally [courts] will find that a substantial ground for difference of opinion exists where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point . . . . (internal quotation marks omitted)).

Moreover, the Court finds that the immediate appeal of either of the May 20, 2014 Orders would not "materially advance the termination of the litigation." 28 U.S.C. § 1292(b). Here, the Court has already decided multiple motions to dismiss in each action, with a third set of motions

---

[1] The Court notes that Plaintiff references another case in which he claims a court in this district allowed § 1983 claims under the Age Discrimination Act. *See* Motion at 3 (discussing *Steshenko v. McKay*). As Plaintiff failed to cite to a specific order, the Court reviewed all of the potentially relevant orders in *McKay* and did not find any order deciding the issues presented by these motions for certification. Plaintiff's Sixth Amended Complaint in *McKay* does allege claims of age discrimination under the Age Discrimination Act of 1975. The Court was unable to find, however, any indication that the *McKay* court was actually presented with the issues of whether Plaintiff could sue individual defendants for damages under the Age Discrimination Act or raise § 1983 claims under the Act.

6

United States District Court
Northern District of California

United States District Court
Northern District of California

1  to dismiss pending on the docket. *See* No. 13-3400, ECF No. 66, No. 13-4948, ECF No. 46.

2  Discovery has been ongoing in both actions and the Court has resolved multiple discovery

3  disputes. Plaintiff filed these cases fourteen months ago and the Court is not persuaded that further

4  delaying this litigation for immediate appellate review is warranted.

5  **III.**   **CONCLUSION**

6        For the reasons stated above, the Court DENIES Plaintiff's motions for certification for

7  interlocutory review.

9  **IT IS SO ORDERED**.

10  Dated: December 16, 2014

*Lucy H. Koh*

LUCY H. KOH
United States District Judge

7

Case Nos.:13-cv-03400-LHK; 13-CV-04948-LHK
ORDER DENYING PLAINTIFF'S MOTIONS FOR § 1292(B) CERTIFICATION FOR INTERLOCUTORY
REVIEW