UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| GREGORY NICHOLAS STESHENKO,<br><br>    Plaintiff,<br><br>    v.<br><br>SUZANNE GAYRARD, et al.,<br>    Defendants. | Case No. 13-cv-03400-LHK<br><br>**ORDER GRANTING LEAVE TO ADD DEFENDANTS TO ACTION**<br><br>Re: Dkt. No. 65 |

Before the Court is Plaintiff Gregory Steshenko's motion for leave to file a motion for reconsideration of the Court's order granting in part and denying in part Defendants' motion to dismiss. ECF Nos. 65, 60. Defendants have not filed an opposition. Having considered Plaintiff's motion, the relevant law, and the record in this case, the Court hereby GRANTS Plaintiff's motion.

In the Court's September 29, 2014 Order, the Court dismissed Defendants Sabine Rech, Michael Sneary, John Boothby, and Katherine Wilkinson from Plaintiff's First Amended Complaint ("FAC"). ECF No. 60, at 2 n.1. The Court dismissed these newly added Defendants because Plaintiff had not requested leave of Court to add new parties or submitted a stipulation by the parties agreeing to the changes pursuant to Federal Rule of Civil Procedure 15(a). The Court

noted that Plaintiff had been previously cautioned that he would need to abide by Rule 15(a). On October 27, 2014, Plaintiff filed the instant motion for leave to file a motion for reconsideration of the Court's Order, alleging "[a] manifest failure by the Court to consider material facts . . . presented to the Court before" the September 29, 2014 Order. Civ. L.R. 7-9(b).

Civil Local Rule 7-9(a) requires parties to obtain leave of Court prior to filing a motion for reconsideration of an interlocutory order. Civil Local Rule 7-9(b) provides three grounds for reconsideration of an interlocutory order:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Whether to grant leave to file under Rule 7-9 is committed to the Court's sound discretion. *See Montebueno Mktg., Inc. v. Del Monte Corp.-USA*, 570 F. App'x 675, 676 (9th Cir. 2014). As Plaintiff is pro se, the Court construes his request liberally. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).

Here, Plaintiff requests leave to file a motion for reconsideration of the Court's decision to dismiss Defendants Rech, Sneary, Boothby, and Wilkinson for Plaintiff's failure to comply with Rule 15(a). Construing Plaintiff's motion generously, the Court concludes that Plaintiff is not asking for reconsideration of the Court's decision, but rather requesting leave to amend his complaint to add Defendants Rech, Sneary, Boothby, and Wilkinson.[1] Under Rule 15(a), such requests by pro se plaintiffs are to be reviewed with "extreme liberality." *Price v. Kramer*, 200

---

[1] Were the Court to treat this as a motion for leave to file a motion for reconsideration, the Court would likely deny such motion as none of the grounds in Civil Local Rule 7-9(b) are implicated here.

2

Case No.:13-cv-03400-LHK
ORDER GRANTING LEAVE TO ADD DEFENDANTS TO ACTION

F.3d 1237, 1250 (9th Cir. 2000) (quoting *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987)). Four factors guide a court's determination as to whether to allow an amendment to a pleading: (1) undue delay, (2) bad faith, (3) prejudice to the opposing party, and (4) futility of amendment. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1482 (9th Cir. 1997).

In the instant case, these factors weigh in favor of amendment. Plaintiff avers he only discovered the names of the additional Defendants on May 12, 2014, when Defendant Board of Trustees of the California State University responded to his first set of interrogatories. *See* Motion, Exh. A. Following that discovery, Plaintiff promptly added the additional Defendants to his First Amended Complaint, which Plaintiff filed twice on May 31, 2014, and corrected on June 29, 2014. The additional Defendants were named in all of these versions of the First Amended complaint. The Court's September 29, 2014 Order reviewed the corrected June 29, 2014 First Amended Complaint. There is no indication of bad faith on Plaintiff's part, as he was unaware of the true identities of the individual Defendants involved with the alleged wrongful conduct. Moreover, Plaintiff's motion is unopposed and there appears to be little likelihood of prejudice to Defendants Rech, Sneary, Boothby, and Wilkinson in light of Plaintiff's prompt amendment. *See* ECF No. 45.

For the reasons stated above, the Court GRANTS Plaintiff's request to amend his complaint to include Defendants Rech, Sneary, Boothby, and Wilkinson. Plaintiff is cautioned that any future amendments must be made by stipulation of the parties or with leave of Court under Rule 15(a). As the Court is treating Plaintiff's "motion for leave to file a motion for reconsideration" as a motion to amend the pleadings, Plaintiff does not need to file a motion for reconsideration.

**IT IS SO ORDERED**.

Dated: December 17, 2014

_____
LUCY H. KOH
United States District Judge

3

Case No.:13-cv-03400-LHK
ORDER GRANTING LEAVE TO ADD DEFENDANTS TO ACTION