UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GREGORY NICHOLAS STESHENKO,<br><br>Plaintiff,<br><br>v.<br><br>SUZANNE GAYRARD, TZVIA ABRAMSON, SABINE RECH, MICHAEL SNEARY, JOHN BOOTHBY, KATHERINE WILKINSON, JOHN DOE 1 through 8, JANE DOE 1 through 8; BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY,<br><br>Defendants. | Case No. 5:13-cv-03400 LHK (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 1**<br><br>[Re: Dkt. 70] |

Plaintiff and the Board of Trustees of the California State University (CSU) have submitted Discovery Dispute Joint Report (DDJR) No. 1 in which they dispute the propriety of plaintiff's document requests 5-18.[1] The matter is deemed suitable for disposition without oral argument. Civ. L.R. 7-1(b). Having considered the parties' respective arguments, the court rules

---

[1] Although the DDJR identifies the disputed requests as Requests 6-19, it is apparent from the content of the DDJR that Request 5 is also at issue, even though that request is not specifically identified. By contrast, it is not apparent that Request 19 is at issue here because neither side discusses it, and the documents it seeks do not fit within the categories of documents addressed in the instant DDJR. Accordingly, this court will not address Request 19 here, without prejudice to have Request 19 raised in a future DDJR if it truly is in dispute and the parties are unable to resolve their disagreement through good faith meet-and-confer negotiations.

as follows:

Requests 5-6

Request 5 seeks "[a]ny and all agreements, contracts and/or financial transaction documents between the SJSU [San Jose State University] Clinical Laboratory Scientist ("CLS") program and the clinical laboratories that presently participate or previously participated in the program." Request 6 asks for "[a]ny and all agreements, contracts and/or financial transaction documents between the SJSU Stem Cell Internships in Laboratory Based Learning ("SCILL") program and the educational institutions, laboratories and private companies that presently participate or previously participated in the program." Plaintiff says he needs this discovery to ascertain whether entities offering internships through the CLS and SCILL programs impose any express or implied age requirements with respect to interns. This discovery is denied because the requests are exceeding broad; and, plaintiff has not convincingly demonstrated that whatever relevance the information might have outweighs the burden and expense of discovery, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake, and the importance of the discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2)(C)(iii).

Requests 7-10

Requests 7-10 essentially seek all agreements, contracts, and financial transaction documents between SJSU and CSU on the one hand, and the federal government (and federal government subcontractors and agents) on the other. These requests are overbroad. Plaintiff says that he needs this discovery to "establish restrictions imposed by Federal law on the beneficiaries of such contracts and transactions." (Dkt. 70 at 10). CSU says, and plaintiff does not deny, that during meet-and-confer negotiations, the only explanation offered by plaintiff was that this discovery is necessary to show that CSU receives federal funding and that it therefore has waived Eleventh Amendment sovereignty with respect to plaintiff's ADA claim. CSU, however, says that it concedes both of those points. Accordingly, this discovery is denied. Fed. R. Civ. P. 26(b)(2)(C)(iii).

2

Requests 11-18

Requests 11-18 ask for all applications to the CLS and SCILL programs, since 2010, including those for applicants who were invited to admission interviews, those who were admitted, and those who were chosen as alternates or placed on a waiting list. Although the requested records implicate privacy concerns, CSU is willing to produce certain records in redacted form---and, indeed this court will require all personal identifying information to be redacted prior to any production. Plaintiff says that he is claiming a pattern and practice of discrimination; even so, the requests are overbroad. For the most part, CSU's proposal is a reasonable compromise, including production of certain applications, from 2009-2013, for applicants over 40-years old. The court agrees that CSU is not required to produce all applications from younger applicants who were rejected. That has no bearing on plaintiff's claim that older applicants are rejected in favor of younger applicants who are admitted. However, CSU has not convincingly demonstrated that recommendation letters should be withheld entirely, particularly when personal identifying information will be redacted. Additionally, to make the over-40 group production meaningful, the court finds that CSU should also produce documents for the applicants who were interviewed, admitted, and wait-listed from 2009-2013. Accordingly, the court grants in part and denies in part plaintiff's request for this discovery as follows:

CSU shall produce:

1. All responsive applications from applicants over 40 years old who applied, were interviewed/not interviewed, admitted and rejected from 2009-2013;

2. To the extent not already covered by category 1,[2] all responsive applications from applicants who were interviewed from 2009-2013;

3. To the extent not already covered by category 1, all responsive applications from applicants who were accepted from 2009-2013;

4. To the extent not already covered by category 1, all responsive applications from

---

[2] CSU need not produce duplicate copies of the same application if an application falls within more than one category described in this order.

3

applicants who were put on a waiting list from 2009-2013; and

5. All responsive documents for applicants who applied for the same program and admission date as plaintiff.

All personal identifying information shall be redacted from the documents prior to production. While exact birthdates should not be disclosed, the birth year should not be concealed so as to enable persons reviewing the documents to ascertain the age of the applicants. Additionally, the documents may only be used for the purpose of prosecuting, defending, or attempting to settle this litigation.

The court will give CSU some extra time to complete its production---albeit, not the 45 days it asks for. CSU shall produce the documents within 21 days from the date of this order.

Except as set out above, plaintiff's request for discovery responsive to Requests 11-18 is denied.

SO ORDERED.

Dated:   January 28, 2015

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

5:13-cv-03400-LHK Notice has been electronically mailed to:

Gregory Nicholas Steshenko     gsteshen@yahoo.com, gsteshen@rocketmail.com

Jeffrey Richard Vincent     Jeffrey.Vincent@doj.ca.gov, bernie.hardy@doj.ca.gov, shontane.adams@doj.ca.gov

Rohit Kodical     rohit.kodical@doj.ca.gov, bernie.hardy@doj.ca.gov, craig.modlin@doj.ca.gov, denise.geare@doj.ca.gov, ecfcoordinator@doj.ca.gov, rhonda.owens@doj.ca.gov

5