UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GREGORY NICHOLAS STESHENKO,<br><br>    Plaintiff,<br><br>    v.<br><br>SUZANNE GAYRARD, et al.,<br><br>    Defendants. | Case Nos.: 13-CV-03400-LHK<br>         13-CV-04948-LHK<br><br>**ORDER DENYING MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 92, 63 |
| GREGORY NICHOLAS STESHENKO,<br><br>    Plaintiff,<br><br>    v.<br><br>GERALDINE ALBEE, et al.,<br>    Defendants. | |

Before the Court are Plaintiff's renewed motions to seal in *Steshenko v. Gayrard*, No. 13-3400, and *Steshenko v. Albee*, No. 13-3948. Having reviewed the parties' submissions, the record in this case, and the relevant law, the Court DENIES WITH PREJUDICE Plaintiff's motions to seal.

1

Case Nos.: 13-cv-03400-LHK; 13-CV-4948-LHK
ORDER DENYING MOTIONS TO SEAL

## I. BACKGROUND

On January 8, 2015, the Court denied without prejudice Mr. Steshenko's motions to seal the same three exhibits in both No. 13-3400 and No. 13-4948. *See* No. 13-3400, ECF No. 85; No. 13-4948, ECF No. 63. In the January 8, 2015 Order, the Court directed Mr. Steshenko to comply with Civil Local Rule 79-5 and binding Ninth Circuit authority regarding the standard for sealing exhibits related to a nondispositive motion. *See* 13-3400, ECF No. 85 (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006)). The Court explained that Mr. Steshenko would have to make a "particularized showing" that "specific prejudice or harm" would result if the information contained in the three exhibits were disclosed, and ordered Mr. Steshenko to file any renewed motions to seal within seven days. *See id.*

On January 14, 2015, Mr. Steshenko filed renewed motions to seal the same three exhibits submitted in his prior motions. *See* No. 13-3400, ECF No. 92; No. 13-4948, ECF No. 70 (identical motions). Defendants filed oppositions, contending that Plaintiff failed to comply with the Court's January 8, 2015 Order, and that Plaintiff's renewed motions fail to establish good cause for sealing the three exhibits at issue. Plaintiff filed his replies on January 28, 2015. *See, e.g.*, No. 13-3400, ECF No. 97.

## II. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana*, 447 F.3d at 1178 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (internal quotation marks omitted).

Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings" that outweigh the general history of access and the public policies favoring disclosure. *Id.* at 1178–79. Compelling reasons justifying the sealing of court records generally exist "when such 'court files

2

Case Nos.: 13-cv-03400-LHK; 13-CV-4948-LHK
ORDER DENYING MOTIONS TO SEAL

might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secret." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* Dispositive motions include "motions for summary judgment." *Id.*

Records attached to nondispositive motions are not subject to the strong presumption of access. *See Kamakana*, 447 F.3d at 1179. Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1179–80 (internal quotation marks omitted). The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (internal quotation marks omitted); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

**III. DISCUSSION**

Having reviewed the parties' briefing, the Court concludes that Mr. Steshenko has not complied with the Court's previous Order. Mr. Steshenko's renewed motions do not provide any explanation or reason why the disclosure of any of the information contained in the submitted exhibits would cause specific harm or prejudice. Conclusory statements that the "documents could be used to harm Plaintiff and his children" are insufficient, especially as the Court is at a loss to determine what harm Plaintiff could be referencing. *See* ECF 92 (Motion to Seal) at 2. Moreover, Plaintiff's ad hominem attacks on opposing counsel do not provide "good cause" for sealing.

Plaintiff requests that the Court seal three exhibits: a letter from CalWORKS explaining how many additional months of CalWORKs cash aid Plaintiff was entitled to as of November

2014; a surety transfer deed to Plaintiff's mother; and a separation agreement between Plaintiff and his wife. As to all three documents, Plaintiff argues generally that "Defendants have no standing" to challenge Plaintiff's in forma pauperis ("IFP") status or his request to seal. While Plaintiff is correct that these motions are separate from the merits of the underlying suits, Defendants have properly filed timely motions and oppositions with regards to Plaintiff's IFP status and Plaintiff's sealing motions. *See, e.g.*, No. 13-3400, ECF Nos. 73, 94. Moreover, Plaintiff introduced the three documents at issue by attaching them as exhibits to his opposition to Defendants' motion to dismiss pursuant to 28 U.S.C. § 1915(e)(2). *See* ECF No. 85.

The Court finds that Plaintiff has failed to make a "particularized showing" that "specific prejudice or harm" would result from the disclosure of the CalWORKS letter, surety transfer deed, or the separation agreement. *See Kamakana*, 447 F.3d at 1178–80. As Defendants note, ownership of real property in the State of California is generally a matter of public record. *See* Opp. at 4. Defendants also contend that Plaintiff misrepresented his marital status in his IFP applications, and that Plaintiff's application for IFP status waived any privacy interest as to the terms of any support agreement between Plaintiff and his wife or his CalWORKS eligibility, as Plaintiff has put at issue his financial assets, income, and sources of support. The Court agrees. Plaintiff has not made the "particularized showing" required under Rule 26(c). *See Phillips ex rel. Estates of Byrd*, 307 F.3d at 1210–11.

## IV. CONCLUSION

In summary, as the Court explained in its January 8, 2015 order denying without prejudice Plaintiff's motions to seal, Plaintiff bears the burden of establishing good cause to seal the three exhibits at issue. The Court ordered Mr. Steshenko to "provide specific reasons why disclosure of each document or the information contained in each document would result in prejudice or harm." *Id.* at 2. As Mr. Steshenko has failed to do so, and the Court is unable to discern any specific prejudice or harm that would result from disclosure, the Court denies with prejudice Mr. Steshenko's motions to seal.

1  **IT IS SO ORDERED.**

2  Dated: February 11, 2015

3  _____
   LUCY H. KOH
4  United States District Judge