1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

GREGORY NICHOLAS STESHENKO,

Plaintiff,

v.

SUZANNE GAYRARD, et al.,

Defendants.

Case No.:13-CV-03400-LHK

**ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE**

Re: Dkt. No. 66

Plaintiff Gregory Nicholas Steshenko ("Plaintiff") brings this action for age discrimination and retaliation based on not being admitted to three graduate programs at San Jose State University. Defendants Suzanne Gayrard and Tzvina Abramson (collectively, "Defendants") move to dismiss Plaintiff's due process claim in his Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 66. Having considered the parties' briefs, the relevant law, and the record in this case, the Court hereby GRANTS Defendants' motion to dismiss.

I.      **BACKGROUND**

Plaintiff is a 52-year-old unemployed electrical engineer seeking to re-enter the job market through professional re-training. Second Am. Compl. ("SAC") ¶ 22. In addition to a Master of

1

United States District Court
Northern District of California

Science degree in Electrical Engineering, Plaintiff earned a Bachelor of Science degree in Biochemistry and Molecular Biology from the University of California, Santa Cruz, in 2010. *See id.*

On November 23, 2012, Plaintiff applied to the Clinical Laboratory Scientist ("CLS") Training Program at San Jose State University. *Id.* ¶ 28. The CLS Training Program is a one-year academic program combining theoretical training with an internship at a participating clinical laboratory. *Id.* ¶ 23. On January 25, 2013, Plaintiff was notified that his application was denied and that he would not be invited for an interview. *Id.* ¶ 30. According to Plaintiff, much younger applicants, in their 20s, with much more inferior academic credentials and work experience, were invited for interviews and subsequently admitted to the program. *Id.* Plaintiff alleges that he personally knew some of these applicants and observed how they "struggled" while taking the prerequisites for the program. *Id.* Plaintiff later raised these issues with the head of the CLS Training Program, Defendant Suzanne Gayrard. *Id.* However, Gayrard refused to explain the admission decision or to inform Plaintiff about the age statistics of the admitted applicants. *Id.* Accordingly, Plaintiff concluded that he was discriminated against on the grounds of age. *Id.* Plaintiff subsequently filed a complaint with the U.S. Department of Education Office of Civil Rights ("USDOE"). *Id.* ¶ 31.

On February 3, 2013, Defendant Tzvia Abramson, the head of the Stem Cell Internships in Laboratory Based Learning ("SCILL") Program, invited Plaintiff to apply to the SCILL Program. *Id.* ¶ 32. The SCILL Program is a two-year Master of Science program with a year of theoretical training and a year of an internship at a participating research laboratory. *Id.* ¶ 24. On February 28, 2013, Plaintiff applied to the SCILL Program. *Id.* ¶ 32.

According to Plaintiff, after Abramson contacted Gayrard and learned about Plaintiff's complaint to the USDOE, Defendants Abramson, Gayrard, and other university employees formed a conspiracy to retaliate against Plaintiff for his complaint. Specifically, the defendants "communicated and agreed that Plaintiff should not be invited for the SCILL admissions interview

2

because of his complaints and his expressed intention to sue." *Id.* ¶ 33. On May 3, 2013, Abramson notified Plaintiff that he was not selected as "a finalist for this round," but that Plaintiff was on a waiting list for Fall 2013. *Id.* ¶ 34. Abramson also stated that she would not provide any information about Plaintiff's ranking on that waiting list. *Id.* However, according to Plaintiff, there was no such thing as a waiting list and the SCILL Program had been "struggling to find . . . minimally qualified students willing to apply." *Id.* Plaintiff alleges that all of the admitted applicants to the SCILL Program were young, and "their academic credentials were much inferior to those of Plaintiff." *Id.*

On June 10, 2013, Plaintiff notified Gayrard that Plaintiff would file a lawsuit against Gayrard. *Id.* ¶ 35. According to Plaintiff, "Defendants decided to retaliate further" by denying Plaintiff's admission to graduate studies at San Jose State University's Department of Biological Sciences. *Id.*

Plaintiff alleges that the CLS Training Program, the SCILL Program, and the participating laboratories "heavily discriminate on the grounds of age." *Id.* ¶ 27. Plaintiff further alleges: "No persons of the protected age have ever been admitted to either of [the CLS Training or the SCILL] programs. The age discrimination is rampant." *Id.*

Plaintiff alleges that he exhausted his administrative remedies with the USDOE on June 29, 2013. *Id.* ¶ 7. Plaintiff also alleges that he filed "several timely administrative claims with California State University Chancellor's Office." ECF No. 46 at 3. However, Plaintiff's claims were denied. *Id.* ¶ 8.

On July 22, 2013, Plaintiff filed his original Complaint against Defendants. ECF No. 1. On October 22, 2013, Defendants filed a motion to dismiss pursuant to Rule 12(b)(6). ECF No. 12. After the Court granted the parties' motions to extend time to file a response to the motion to dismiss, on January 23, 2014, Plaintiff filed an opposition. ECF No. 26. On January 24, 2014, Plaintiff filed an addendum to his opposition. ECF No. 28. On January 31, 2014, Defendants filed a reply. ECF No. 29. The Court held a hearing on May 15, 2014. ECF No. 36. Plaintiff filed a

3

1    supplemental letter brief on May 16, 2014. ECF No. 35.

2         On May 20, 2014, the Court granted Defendants' motion to dismiss. ("May 20, 2014

3    Order"), ECF No. 42. In the order, the Court granted Defendants' motion to dismiss Plaintiff's

4    claims against the Board of Trustees; Plaintiff's § 1983 retaliation claim against Gayrard and

5    Abramson; and Plaintiff's § 1985(3) claim against Gayrard and Abramson with leave to amend.

6    May 20, 2014 Order at 20. The Court also granted Defendants' motion to dismiss Plaintiff's

7    § 1983 claim based on due process and equal protection violations against Gayrard and Abramson;

8    Plaintiff's Age Discrimination Act claim against Gayrard and Abramson; and Plaintiff's Age

9    Discrimination in Employment Act claim against Gayrard and Abramson with prejudice. *Id.*

10   Finally, the Court declined to exercise supplemental jurisdiction over Plaintiff's remaining state

11   law claims and thus granted Defendants' motion to dismiss Plaintiff's state law claims—FEHA

12   claim, Bane Act claims, and IIED claim. *Id.* at 18–20.

13        On May 31, 2014, Plaintiff filed a First Amended Complaint ("FAC") against Defendants.

14   ECF No. 45. On June 1, 2014, Defendants filed a motion to dismiss pursuant to Rule 12(b)(6).

15   ("MTD"), ECF No. 49. On June 29, 2014, Plaintiff filed a response. ECF No. 51. On July 10,

16   2014, Defendants filed a reply. ECF No. 53.

17        On September 29, 2014, the Court granted in part and denied in part Defendants' motion to

18   dismiss. ECF No. 60. The Court dismissed with prejudice all of Plaintiff's claims against

19   Defendant Board of Trustees with the exception of Plaintiff's Age Discrimination Act claim. The

20   Court granted leave to amend only with respect to Plaintiff's due process claims against

21   Defendants Abramson and Gayrard. As to the remainder of Plaintiff's claims against the

22   individual Defendants, the Court denied Defendants' motion to dismiss Plaintiff's § 1983

23   retaliation claim as related to the SCILL program, but dismissed with prejudice Plaintiff's other

24   claims. The Court also dismissed Defendants Rech, Sneary, Boothby, and Wilkinson, as Plaintiff

25   had failed to secure Court approval or a stipulation to add new parties to the action.

26        On October 13, 2014, Plaintiff filed his SAC. ECF No. 64. Defendant Board of Trustees

27

28

1  filed an answer on October 27, 2014. ECF No. 67. The individual Defendants filed the instant

2  motion to dismiss that same day. ECF No. 66. Plaintiff filed an opposition on November 11, 2014,

3  ECF No. 68, and Defendants filed their reply on November 18, 2014, ECF No. 69.

4       On October 27, 2014, Plaintiff filed a motion for leave to file a motion for reconsideration

5  of the Court's September 29, 2014 order dismissing Defendants Rech, Sneary, Boothby, and

6  Wilkinson. ECF No. 65. The Court granted Plaintiff's motion for reconsideration on December 17,

7  2014. ECF No. 72.

8  **II.     LEGAL STANDARD**

9       **A.     Motion to Dismiss Under Rule 12(b)(6)**

10      Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a

11  short and plain statement of the claim showing that the pleader is entitled to relief." A complaint

12  that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure

13  12(b)(6). The Supreme Court has held that Rule 8(a) requires a plaintiff to plead "enough facts to

14  state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

15  (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

16  court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

17  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability

18  requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."

19  *Id.* (internal quotation marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, a court

20  "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light

21  most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d

22  1025, 1031 (9th Cir. 2008). Moreover, pro se pleadings are to be construed liberally. *Resnick v.*

23  *Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[I]n general, courts must construe pro se pleadings

24  liberally.").

25      However, a court need not accept as true allegations contradicted by judicially noticeable

26  facts, *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and the "[C]ourt may look

27

28
Case No.: 13-CV-03400-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

United States District Court
Northern District of California

beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into one for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor is the court required to "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *accord Iqbal*, 556 U.S. at 678. Furthermore, "a plaintiff may plead herself out of court" if she "plead[s] facts which establish that [s]he cannot prevail on h[er] . . . claim." *Weisbuch v. Cnty. of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (internal quotation marks omitted).

### B.       Leave to Amend

If the Court determines that the complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "should be freely granted when justice so requires," bearing in mind that "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Furthermore, the Court "has a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements." *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990). Nonetheless, a court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party. . . , [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010)

6

(alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## III.    DISCUSSION

In the instant motion, Defendants argue that Plaintiff has failed to adequately allege facts showing a protected property or liberty interest, and that the Defendants are entitled to qualified immunity. The Court concludes that Plaintiff has once again failed to allege the existence of a protected property interest. As such, the Court does not reach Defendants' qualified immunity defense.

In the Court's September 29, 2014 order granting in part and denying in part Defendants' motion to dismiss, the Court dismissed without prejudice Plaintiff's due process claim against the individual Defendants. Plaintiff alleged that his denial of admission to the SCILL and CLS programs constituted a deprivation of a property interest. FAC ¶ 47. More specifically, the Court found that Plaintiff pled "no facts showing that University regulations, state law, or any other independent source created a legitimate claim of entitlement to admission to the programs." *Id.* at 20. While the Court found that Plaintiff had failed to allege a protected property interest, the Court granted leave to amend as amendment would not necessarily be futile. ECF No. 60 at 20–21.

The procedural guarantees of the Due Process Clause of the Fourteenth Amendment apply only when a constitutionally protected liberty or property interest is at stake. *See Johnson v. Rancho Santiago Comm. Coll. Dist.*, 623 F.3d 1011, 1029 (9th Cir. 2010) ("To succeed on a substantive or procedural due process claim, the plaintiffs must first establish that they were deprived of an interest protected by the Due Process Clause."); *Neal v. Shimoda*, 131 F.3d 818, 827–28 (9th Cir. 1997). In determining whether an interest triggers constitutional protection, the Court must "look not to the 'weight' but to the nature of the interest at state." *Bd. of Regents of St. Colls. v. Roth*, 408 U.S. 564, 570–71 (1972). "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Id.* at 577; *see also Merritt v. Mackey*, 827 F.2d 1368, 1370–71 (9th Cir. 1987). "Protected property interests are

United States District Court
Northern District of California

7

1    not created by the Constitution[, but r]ather . . . they are created and their dimensions are defined

2    by existing rules or understandings that stem from an independent source such as state law."

3    *Johnson*, 623 F.3d at 1030 (9th Cir. 2010) (internal quotation marks omitted). Once a court

4    determines a protected interest is at stake, it applies the three-factor balancing test outlined in

5    *Mathews v. Eldridge*, 424 U.S. 319 (1976): (1) the private interest at stake; (2) the "risk of

6    erroneous deprivation of such interest through the procedures used, and probable value, if any, of .

7    . . substitute procedural safeguards"; and (3) the government's interest. *Id.* at 335.

8         Here, the Court finds that Plaintiff has once more failed to allege facts showing that he has

9    a protected property or liberty interest in admission to the SCILL and CLS programs. In his SAC,

10   Plaintiff again alleges that the individual Defendants violated his due process rights under the

11   Fourteenth Amendment. Plaintiff pleads that as a "long-term unemployed" individual,

12   "professional retraining and re-entry of the workforce is a quest for his constitutionally guaranteed

13   rights to '[l]ife, [l]iberty and the pursuit of [h]appiness.'" SAC ¶ 46. Plaintiff further alleges that

14   California State University ("CSU") received $5 billion dollars in funding from the American

15   Recovery and Reinvestment Act, Workforce Investment Act, and Workforce Innovation and

16   Opportunities Act. *Id.* ¶ 48. According to Plaintiff, "access to the professional retraining funded by

17   these acts constitutes Plaintiff's right and property." SAC ¶¶ 48–49. As Defendants note, none of

18   these statutes creates an entitlement to admission to the CLS or SCILL programs. *See* Motion at 5;

19   *see also Johnson*, 623 F.3d at 1030; *Stretten v. Wadsworth Veterans Hosp.*, 537 F.2d 361, 366–67

20   (9th Cir. 1976) ("[T]here must exist rules or understandings which allow the claimant's

21   expectations to be characterized as a legitimate claim of entitlement to (the benefit).") (internal

22   quotation marks omitted).

23        Other than Plaintiff's allegation that CSU received federal funding, Plaintiff does not

24   allege that the funding statutes imposed conditions or otherwise created any specific entitlement

25   for Plaintiff to be admitted to the SCILL or CLS programs. Plaintiff identifies no specific

26   provision of the American Recovery and Reinvestment Act, Workforce Investment Act, or

27

28

8

Case No.: 13-CV-03400-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

United States District Court
Northern District of California

1    Workforce Innovation and Opportunities Act[1] that supports his argument that he has a protected

2    property or liberty interest. The claim that Congress "enacted the . . . acts that intend to retrain the

3    unemployed," is insufficient to show that Plaintiff has a legal entitlement to admission to the

4    SCILL or CLS programs. Contrary to Plaintiff's assertions, the mere existence of federal funding

5    does not create a protected property interest.

6         In opposition to Defendants' motion to dismiss, Plaintiff cites California Education Code

7    § 66201. *See* Opp. at 2. Section 66201 provides:

8         It is the intent of the Legislature that each resident of California
          who has the capacity and motivation to benefit from higher
9         education should have the opportunity to enroll in an institution of
          higher education. Once enrolled, each individual should have the
10        opportunity to continue as long and as far as his or her capacity and
          motivation, as indicated by academic performance and commitment
11        to educational advancement, will lead him or her to meet academic
          standards and institutional requirements.
12
          The Legislature hereby reaffirms the commitment of the State of
13        California to provide an appropriate place in California public
          higher education for every student who is willing and able to benefit
14        from attendance.

15   According to Plaintiff, this statement of legislative intent is sufficient to create a legal entitlement

16   to admission to the SCILL and CLS programs. As Defendants argue, however, § 66201, a

17   provision of the Donahoe Higher Education Act, describes only the general policy goals related to

18   higher education in California. That the state legislature intended that all residents "should have

19   the opportunity to enroll in an institution of higher education," does not create a legal entitlement

20   to admission. "A reasonable expectation of entitlement is determined largely by the language of

21   the statute and the extent to which the entitlement is couched in mandatory terms." *Wedges/Ledges*

22   *of Cal., Inc. v. Phoenix*, 24 F.3d 56, 62 (9th Cir. 1994) (internal quotation marks omitted). A

23   statement of legislative intent stating residents *should* have the *opportunity* to enroll in programs

24   like SCILL or CLS does not involve "the use of the imperative," or otherwise provide a

25

26   [1] Additionally, as Defendants correctly note, the Workforce Innovation and Opportunities Act was
     not enacted until 2014, and therefore subsequent to any of the events forming the basis of
27   Plaintiff's claims. *See* Motion at 6.

28                                                      9

     Case No.: 13-CV-03400-LHK
     ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

1   "significant substantive restriction on the [Defendants'] discretion." *Id.* The Court therefore

2   concludes that § 66201 does not create a property interest in admission to graduate studies

3   programs.

4       This conclusion is supported by § 66001 of the Donahoe Act, which provides that:

5           It is the intent of the Legislature to outline in statute the broad policy
    and programmatic goals of the master plan and clear, concise
6           statewide goals and outcomes for effective implementation of the
    master plan, attuned to the public interest of the people and State of
7           California, and to expect the system as a whole and the higher
    education segments to be accountable for attaining those goals.
8           However, consistent with the spirit of the original master plan and
    the subsequent updates, **it is the intent of the Legislature that the**
9           **governing boards be given ample discretion in implementing**
    **policies and programs necessary to attain those goals.**

10  Cal. Educ. Code § 66001 (emphasis added). Plaintiff may be correct that a "goal" of the Donahoe

11  Act is to ensure that all residents of California have the opportunity to enroll in programs such as

12  SCILL and CLS. The existence of a "goal," however, especially in light of the "ample discretion"

13  left to the programs, is insufficient to create a property interest. *See Wedges/Ledges*, 24 F.3d at 62;

14  *see also Doyle v. City of Medford*, 606 F.3d 667, 672–73 (9th Cir. 2010) ("A regulation granting

15  broad discretion to a decision-maker does not create a property interest."). As Defendants note, no

16  court has interpreted § 66201 to impose a substantive restriction on the discretion of admissions

17  bodies in making admissions decisions. At bottom, Plaintiff's argument appears to be that every

18  resident of California has a property interest in admission to graduate studies programs, but the

19  Court finds no support for that claim in § 66201 or any other authority Plaintiff cites.

20      The Court concludes that Plaintiff has once again failed to allege facts showing a protected

21  property interest in admission to the SCILL or CLS programs. As showing a protected interest is a

22  "necessary precondition" to a procedural due process claim, Plaintiff has failed to allege a due

23  process claim. *See Roth*, 408 U.S. at 570–71; *Rhee v. City of Los Angeles*, 130 F. App'x 920, 921

24  (9th Cir. 2005). Furthermore, as the Court finds that Plaintiff has failed to state a procedural due

25  process claim, the Court does not reach Defendants' qualified immunity defense.

26      Here, Plaintiff has been unable to identify any protected liberty or property interest in

27

28

United States District Court
Northern District of California

admission to the SCILL or CLS programs despite multiple opportunities to amend his complaint. Consequently, the Court concludes that amendment would be futile. *See Carvalho*, 629 F.3d at 892–93. The Court therefore dismisses Plaintiff's procedural due process claim with prejudice.

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS with prejudice Defendants' motion to dismiss Plaintiff's due process claim.

**IT IS SO ORDERED.**

Dated: February 25, 2015

_____
LUCY H. KOH
United States District Judge

United States District Court
Northern District of California

11

Case No.: 13-CV-03400-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE