United States District Court
Northern District of California

1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9          NORTHERN DISTRICT OF CALIFORNIA

10         SAN JOSE DIVISION

11

12   GREGORY NICHOLAS STESHENKO,          Case Nos.13-CV-03400-LHK

13          Plaintiff,                    **ORDER DENYING MOTION FOR
                                          LEAVE TO FILE MOTION FOR
14          v.                            RECONSIDERATION; AND DENYING
                                          MOTION FOR RECONSIDERATION**
15   SUZANNE GAYRARD, et al.,
                                          Re: Dkt. Nos. 112, 113
16          Defendants.

17

18          Before the Court are Plaintiff Gregory Steshenko's ("Plaintiff") motion for leave to file

19   motion for reconsideration or, in the alternative, to file appeal in forma pauperis and motion for

20   reconsideration pursuant to Federal Rule of Civil Procedure 60(b). ECF Nos. 112, 113. Pursuant to

21   Civil Local Rule 7–1(b), the Court finds these motions suitable for decision without oral argument

22   and hereby VACATES the hearings set for September 10, 2015, at 1:30 p.m. Having considered

23   Plaintiff's motions, the relevant law, and the record in this case, the Court hereby DENIES

24   Plaintiff's motions.

25

26

27
                                          1
28   Case No.13-CV-03400-LHK
     ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION; AND DENYING
     MOTION FOR RECONSIDERATION

## I.       BACKGROUND

### A. Factual Background

As a preliminary matter, Plaintiff has brought two related age-discrimination actions: *Steshenko v. Gayrard*, the instant case, and *Steshenko v. Albee*, No. 13-4948. *Steshenko v. Gayrard* involves Plaintiff's application to programs at San Jose State University. Plaintiff is a 52-year-old unemployed electrical engineer seeking to re-enter the job market through professional re-training. ECF No. 13-3400, Second Am. Compl. ("SAC") ¶ 22. In addition to a Master of Science degree in Electrical Engineering, Plaintiff earned a Bachelor of Science degree in Biochemistry and Molecular Biology from the University of California, Santa Cruz, in 2010. *See id*.

On November 23, 2012, Plaintiff applied to the Clinical Laboratory Scientist ("CLS") Training Program at San Jose State University. *Id.* ¶ 28. The CLS Training Program is a one-year academic program combining theoretical training with an internship at a participating clinical laboratory. *Id.* ¶ 23. On January 25, 2013, Plaintiff was notified that his application was denied and that he would not be invited for an interview. *Id.* ¶ 30. According to Plaintiff, much younger applicants, in their 20s, with much more inferior academic credentials and work experience, were invited for interviews and subsequently admitted to the program. *Id*. Plaintiff alleges that he personally knew some of these applicants and observed how they "struggled" while taking the prerequisites for the program. *Id*. Plaintiff later raised these issues with the head of the CLS Training Program, Defendant Suzanne Gayrard. *Id*. However, Gayrard refused to explain the admission decision or to inform Plaintiff about the age statistics of the admitted applicants. *Id*. Accordingly, Plaintiff concluded that he was discriminated against on the grounds of age. *Id*. Plaintiff subsequently filed a complaint with the U.S. Department of Education Office of Civil Rights ("USDOE"). *Id.* ¶ 31.

On February 3, 2013, Defendant Tzvia Abramson, the head of the Stem Cell Internships in Laboratory Based Learning ("SCILL") Program, invited Plaintiff to apply to the SCILL Program.

Case No.13-CV-03400-LHK
ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION; AND DENYING MOTION FOR RECONSIDERATION

United States District Court
Northern District of California

1    *Id.* ¶ 32. The SCILL Program is a two-year Master of Science program with a year of theoretical

2    training and a year of an internship at a participating research laboratory. *Id.* ¶ 24. On February 28,

3    2013, Plaintiff applied to the SCILL Program. *Id.* ¶ 32.

4         According to Plaintiff, after Abramson contacted Gayrard and learned about Plaintiff's

5    complaint to the USDOE, Defendants Abramson, Gayrard, and other university employees formed

6    a conspiracy to retaliate against Plaintiff for his complaint. Specifically, the defendants

7    "communicated and agreed that Plaintiff should not be invited for the SCILL admissions interview

8    because of his complaints and his expressed intention to sue." *Id.* ¶ 33. On May 3, 2013,

9    Abramson notified Plaintiff that he was not selected as "a finalist for this round," but that Plaintiff

10    was on a waiting list for Fall 2013. *Id.* ¶ 34. Abramson also stated that she would not provide any

11    information about Plaintiff's ranking on that waiting list. *Id.* However, according to Plaintiff, there

12    was no such thing as a waiting list and the SCILL Program had been "struggling to find . . .

13    minimally qualified students willing to apply." *Id.* Plaintiff alleges that all of the admitted

14    applicants to the SCILL Program were young, and "their academic credentials were much inferior

15    to those of Plaintiff." *Id.*

16         On June 10, 2013, Plaintiff notified Gayrard that Plaintiff would file a lawsuit against

17    Gayrard. *Id.* ¶ 35. According to Plaintiff, "Defendants decided to retaliate further" by denying

18    Plaintiff's admission to graduate studies at San Jose State University's Department of Biological

19    Sciences. *Id.*

20         Plaintiff alleges that the CLS Training Program, the SCILL Program, and the participating

21    laboratories "heavily discriminate on the grounds of age." *Id.* ¶ 27. Plaintiff further alleges: "No

22    persons of the protected age have ever been admitted to either of [the CLS Training or the SCILL]

23    programs. The age discrimination is rampant." *Id.*

24         Plaintiff alleges that he exhausted his administrative remedies with the USDOE on June

25    29, 2013. *Id.* ¶ 7. Plaintiff also alleges that he filed "several timely administrative claims with

26    California State University Chancellor's Office." ECF No. 46 at 3. However, Plaintiff's claims

27

28    Case No.13-CV-03400-LHK
ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION; AND DENYING
MOTION FOR RECONSIDERATION

*United States District Court*
*Northern District of California*

1    were denied. *Id.* ¶ 8.

2    **B. Procedural Background**

3    On July 22, 2013, Plaintiff filed his original Complaint against Defendants. ECF No. 1. On

4    October 22, 2013, Defendants filed a motion to dismiss pursuant to Rule 12(b)(6). ECF No. 12.

5    After the Court granted Plaintiff's motion to extend time to file a response to the motion to

6    dismiss, on January 23, 2014, Plaintiff filed an opposition. ECF No. 26. On January 24, 2014,

7    Plaintiff filed an addendum to his opposition. ECF No. 28. On January 31, 2014, Defendants filed

8    a reply. ECF No. 29. The Court held a hearing on May 15, 2014. ECF No. 36. Plaintiff filed a

9    supplemental letter brief on May 16, 2014. ECF No. 35.

10   On May 20, 2014, the Court granted Defendants' motion to dismiss. ("May 20, 2014

11   Order"), ECF No. 42. In the order, the Court granted with leave to amend Defendants' motion to

12   dismiss Plaintiff's claims against the Board of Trustees; Plaintiff's § 1983 retaliation claim against

13   Gayrard and Abramson; and Plaintiff's § 1985(3) claim against Gayrard and Abramson. May 20,

14   2014 Order at 20. The Court granted with prejudice Defendants' motion to dismiss Plaintiff's

15   § 1983 claim based on due process and equal protection violations against Gayrard and Abramson;

16   Plaintiff's Age Discrimination Act claim against Gayrard and Abramson; and Plaintiff's Age

17   Discrimination in Employment Act claim against Gayrard and Abramson. *Id*. Finally, the Court

18   declined to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and thus

19   granted without prejudice Defendants' motion to dismiss Plaintiff's state law claims—FEHA

20   claim, Bane Act claims, and IIED claim. *Id.* at 18–20.

21   On May 31, 2014, Plaintiff filed a First Amended Complaint ("FAC") against Defendants.

22   ECF No. 45. On June 1, 2014, Defendants filed a motion to dismiss pursuant to Rule 12(b)(6).

23   ("MTD"), ECF No. 49. On June 29, 2014, Plaintiff filed a response. ECF No. 51. On July 10,

24   2014, Defendants filed a reply. ECF No. 53.

25   On September 29, 2014, the Court granted in part and denied in part Defendants' motion to

26   dismiss. ECF No. 60. The Court dismissed with prejudice all of Plaintiff's claims against

27

4

28   Case No.13-CV-03400-LHK
ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION; AND DENYING
MOTION FOR RECONSIDERATION

United States District Court
Northern District of California

Defendant Board of Trustees with the exception of Plaintiff's Age Discrimination Act claim. The

Court granted leave to amend only with respect to Plaintiff's due process claims against

Defendants Abramson and Gayrard. As to the remainder of Plaintiff's claims against the

individual Defendants, the Court denied Defendants' motion to dismiss Plaintiff's § 1983

retaliation claim as related to the SCILL program, but dismissed with prejudice Plaintiff's other

claims. The Court also dismissed Defendants Rech, Sneary, Boothby, and Wilkinson, as Plaintiff

had failed to secure Court approval or a stipulation to add new parties to the action.

On October 27, 2014, Plaintiff filed a motion for leave to file a motion for reconsideration

of the Court's September 29, 2014 order dismissing Defendants Rech, Sneary, Boothby, and

Wilkinson. ECF No. 65. The Court granted Plaintiff's motion for reconsideration on December 17,

2014. ECF No. 72.

On October 13, 2014, Plaintiff filed his SAC. ECF No. 64. Defendant Board of Trustees

filed an answer to Plaintiff's Age Discrimination Act claim on October 27, 2014. ECF No. 67. The

individual Defendants filed a motion to dismiss Plaintiff's due process claim as to only the

individual Defendants that same day. ECF No. 66. Plaintiff filed an opposition on November 11,

2014, ECF No. 68, and Defendants filed their reply on November 18, 2014, ECF No. 69. On

February 25, 2015, the Court granted the individual Defendants' motion, and dismissed Plaintiff's

due process claim against the individual Defendants with prejudice, leaving only Plaintiff's § 1983

retaliation claim against the individual Defendants. ECF No. 106. Following the Court's February

25, 2015 order, the individual Defendants filed their joint answer to Plaintiff's SAC on March 6,

2015. ECF No. 107. At that point, all Defendants had filed their respective answers to Plaintiff'

surviving Age Discrimination Act and § 1983 claim.

On December 19, 2014, Defendants filed a motion to dismiss pursuant to 28 U.S.C.

§ 1915(e)(2). ECF No. 73. More specifically, Defendants moved to dismiss Plaintiff's action on

the basis of apparent material omissions in Plaintiff's in forma pauperis applications. Plaintiff filed

an opposition, ECF No. 77, and Defendants filed a reply, ECF No.81. Defendants also filed

Case No.13-CV-03400-LHK
ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION; AND DENYING
MOTION FOR RECONSIDERATION

United States District Court
Northern District of California

1    requests for judicial notice, ECF Nos. 76, 83, and a motion for leave to file a supplemental reply

2    brief, ECF No. 90. Plaintiff filed an opposition to Defendants' motion for leave to file a

3    supplemental reply brief, ECF No. 91. On April 1, 2015, the Court granted Defendants' motion to

4    dismiss pursuant to § 1915(e)(2). ECF No. 111.

5           On April 1, 2015, Plaintiff filed a motion for leave to file motion for reconsideration. ECF

6    No. 112. On April 13, 2015, Plaintiff filed a motion for reconsideration pursuant to Federal Rule

7    of Civil Procedure 60(b). ECF No. 113. Defendants filed an opposition. ECF No. 114. Plaintiff

8    filed a reply. ECF No. 115.

9    II.    DISCUSSION

10          The gravamen of Plaintiff's argument is that the Court erred in granting Defendants'

11   motion to dismiss pursuant to 28 U.S.C. § 1915(e)(2). More specifically, Plaintiff challenges the

12   Court's conclusion that Plaintiff deliberately concealed material information in Plaintiff's in forma

13   pauperis applications ("IFP applications") on four separate occasions, requiring dismissal with

14   prejudice under § 1915(e)(2). Plaintiff contends that the Court is biased, "lacks any solid factual

15   background" for the Court's April 1, 2015 order, and otherwise disputes the merits of the Court's

16   April 1, 2015 order. ECF No. 113 ("Mot."), at 3. Plaintiff seeks reconsideration of the Court's

17   April 1, 2015 order under Federal Rule of Civil Procedure 60(b).[1]

18          Rule 60(b) "provides for reconsideration only upon a showing of (1) mistake, surprise, or

19   excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or

20   discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *Sch. Dist.*

21   *No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (internal

22   quotation marks omitted). A motion for reconsideration "may not be used to relitigate old matters,

23   or to raise arguments or present evidence that could have been raised prior to the entry of

24

---

25   [1] Plaintiff's motion for leave to file motion for reconsideration does not raise arguments distinct
     from those in Plaintiff's motion for reconsideration pursuant to Rule 60(b). Moreover, as the
26   Court's April 1, 2015 order was not an interlocutory order, Plaintiff is not required to seek leave of
     Court before filing a motion for reconsideration. *See* Civ. L.R. 7–9(a). The Court therefore
27   DENIES as moot Plaintiff's motion for leave to file motion for reconsideration.

6

28   Case No.13-CV-03400-LHK
     ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION; AND DENYING
     MOTION FOR RECONSIDERATION

judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (referring to Rule 59(e));

*see also Casey v. Albertson's Inc.*, 362 F.3d 1254, 1259–61 (9th Cir. 2004) (referring to Rule

60(b)). Plaintiff does not specify on which subsection of Rule 60(b) Plaintiff relies as the basis for

his motion for reconsideration, but it appears that Plaintiff relies on Rule 60(b)(6), which is a

catchall provision that allows a court to grant reconsideration in an effort to prevent manifest

injustice. *See United States v. Alpine Land & Reservoir, Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993).

"The rule is to be utilized only where extraordinary circumstances prevented a party from taking

timely action to prevent or correct an erroneous judgment." *Id.*

Although Plaintiff strongly disagrees with the Court's April 1, 2015 order granting

Defendants' motions to dismiss, the Court finds that Plaintiff has failed to show any circumstances

warranting relief under Rule 60(b). Plaintiff contends that the Court committed legal error in

concluding that Plaintiff maintains an ownership interest in his home, but does not explain how

any of Plaintiff's arguments in support of his motion for reconsideration differ from the arguments

that the Court rejected as unpersuasive in the April 1, 2015 order. "Mere disagreement with a

court's order does not provide a basis for reconsideration." *Durkee v. Ford Motor Co.*, No. 14-

0617, 2015 WL 1156765, at *2 (N.D. Cal. Mar. 13, 2015) (citing *McDowell v. Calderon*, 197 F.3d

1253 (9th Cir. 1999)). Plaintiff's arguments in the instant motion are repetitive of the arguments

Plaintiff raised in opposition to Defendants' motion to dismiss, which the Court addressed in the

April 1, 2015 order. Plaintiff has not identified any newly discovered evidence, fraud, a void or

satisfied judgment, or any mistake or excusable neglect that would be grounds for reconsideration

under Rule 60(b). As an aside, the Court notes that Plaintiff's continuing ad hominem attacks on

counsel for Defendants are not a basis for reconsideration under Rule 60(b).[2]

---

[2] Plaintiff further contends that the Court is biased against pro se litigants because the Court
submitted Defendants' motion to dismiss on the briefs. The Court has reviewed serial motions to
dismiss, motions for interlocutory appeal, motions for reconsideration, and issued several case
management orders in both *Steshenko v. Gayrard* and *Steshenko v. Albee*. *See generally* Case Nos.
13-3400, Dkt.; 13-4948, Dkt. For many of these motions, some of which resulted in favorable
rulings for Plaintiff, the Court exercised its discretion to submit the motions without oral argument
pursuant to Civil Local Rule 7–1(b) and Federal Rule of Civil Procedure 78. Moreover, the Court

7

Case No.13-CV-03400-LHK
ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION; AND DENYING
MOTION FOR RECONSIDERATION

United States District Court
Northern District of California

1    Furthermore, to the extent Plaintiff may be relying on Rule 60(b)(6)'s catchall provision,

2    the Court concludes that 60(b)(6) does not apply. Rule 60(b)(6) is a narrow exception that applies

3    where a party can "demonstrate both injury and circumstances beyond his control that prevented

4    him from proceeding with the prosecution or defense of the action in a proper fashion." *Comm.*

5    *Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002). Here, however, Plaintiff does not

6    claim that he was unable to raise arguments in opposition to Defendants' motion that Plaintiff now

7    wishes the Court to review. To the contrary, Plaintiff filed an opposition to Defendants' motion to

8    dismiss and submitted exhibits in support of Plaintiff's opposition. Reviewing the parties'

9    submissions, the relevant law, and record in this case, the Court concluded that dismissal with

10   prejudice was warranted under § 1915(e)(2). The Court therefore finds that Plaintiff has not

11   identified any basis under Rule 60(b) that calls for reconsideration. A motion for reconsideration

12   "may not be used to relitigate old matters," which is what, in essence, Plaintiff seeks to do. *See*

13   *Baker*, 554 U.S. at 485 n.5. Accordingly, the Court DENIES reconsideration pursuant to Rule

14   60(b).

15   In the alternative, Plaintiff requests that the Court grant Plaintiff in forma pauperis status

16   on appeal. As the Court has found that Plaintiff intentionally omitted material information from

17   the previously approved IFP applications before this Court, ECF No. 111, the Court DENIES

18   Plaintiff's request.

19   **III.   CONCLUSION**

20   For the foregoing reasons, the Court DENIES Plaintiff's motion for leave to file motion for

21

22   was not required to hold a hearing or oral argument before ruling on Defendants' motion to
dismiss. *See Jacobs v. Lanterman Dev. Ctr.*, 64 F. App'x 98, 100 (9th Cir. 2003) (citing *Morrow*

23   *v. Topping*, 437 F.2d 1155, 1156 (9th Cir. 1971) (per curiam)). The parties had fully briefed the
motion, submitted exhibits, and the Court issued a 15-page order addressing the parties'

24   contentions. *See* ECF No. 106. Plaintiff's disagreement with the Court's determination of
Defendants' motion to dismiss is not evidence of judicial bias. *See Liteky v. United States*, 510

25   U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or
partiality motion. . . . Almost invariably, they are proper grounds for appeal, not for recusal.").

26   Similarly, Plaintiff's contention that the Court should have granted Plaintiff's "request" for
*in camera* review is unavailing. The Court did, in fact, review the exhibits that Plaintiff attempted

27   to file under seal, and denied Plaintiff's motion to file under seal. *See* No. 13-3400, ECF No. 85.

8

28   Case No.13-CV-03400-LHK
ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION; AND DENYING
MOTION FOR RECONSIDERATION

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

1    reconsideration, motion for reconsideration pursuant to Rule 60(b), and request to proceed in

2    forma pauperis on appeal.

3    **IT IS SO ORDERED.**

4    Dated: July 6, 2015

5    _____

6    LUCY H. KOH
     United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
                                        9
28   Case No.13-CV-03400-LHK
     ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION; AND DENYING
     MOTION FOR RECONSIDERATION