UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GREGORY NICHOLAS STESHENKO,<br><br>Plaintiff,<br><br>v.<br><br>SUZANNE GAYRARD, et al.,<br>Defendants. | Case No. 13-CV-03400-LHK<br><br>**ORDER DENYING MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS**<br><br>Re: Dkt. No. 117 |

Before the Court is Plaintiff Gregory Steshenko's ("Plaintiff") motion for leave to proceed in forma pauperis on appeal pursuant to Federal Rule of Appellate Procedure 24(a)(1). ECF No. 117. Having considered Plaintiff's motion, the relevant law, and the record in this case, the Court hereby DENIES Plaintiff's motion.

## I.  BACKGROUND

### A. Factual Background

As a preliminary matter, Plaintiff has brought two related age-discrimination actions: *Steshenko v. Gayrard*, the instant case, and *Steshenko v. Albee*, No. 13-4948. *Steshenko v. Gayrard* involves Plaintiff's application to educational programs at San Jose State University. Plaintiff is a 52-year-old unemployed electrical engineer seeking to re-enter the job market

through professional re-training. ECF No. 13-3400, Second Am. Compl. ("SAC") ¶ 22. In addition to a Master of Science degree in Electrical Engineering, Plaintiff earned a Bachelor of Science degree in Biochemistry and Molecular Biology from the University of California, Santa Cruz, in 2010. *See id.*

On November 23, 2012, Plaintiff applied to the Clinical Laboratory Scientist ("CLS") Training Program at San Jose State University. *Id.* ¶ 28. The CLS Training Program is a one-year academic program combining theoretical training with an internship at a participating clinical laboratory. *Id.* ¶ 23. On January 25, 2013, Plaintiff was notified that his application was denied and that he would not be invited for an interview. *Id.* ¶ 30. According to Plaintiff, much younger applicants, in their 20s, with much more inferior academic credentials and work experience, were invited for interviews and subsequently admitted to the program. *Id*. Plaintiff alleges that he personally knew some of these applicants and observed how they "struggled" while taking the prerequisites for the program. *Id*. Plaintiff later raised these issues with the head of the CLS Training Program, Defendant Suzanne Gayrard. *Id*. However, Gayrard refused to explain the admission decision or to inform Plaintiff about the age statistics of the admitted applicants. *Id*. Accordingly, Plaintiff concluded that he was discriminated against on the grounds of age. *Id*. Plaintiff subsequently filed a complaint with the U.S. Department of Education Office of Civil Rights ("USDOE"). *Id.* ¶ 31.

On February 3, 2013, Defendant Tzvia Abramson, the head of the Stem Cell Internships in Laboratory Based Learning ("SCILL") Program at San Jose State University, invited Plaintiff to apply to the SCILL Program. *Id.* ¶ 32. The SCILL Program is a two-year Master of Science program with a year of theoretical training and a year of an internship at a participating research laboratory. *Id.* ¶ 24. On February 28, 2013, Plaintiff applied to the SCILL Program. *Id.* ¶ 32.

According to Plaintiff, after Abramson contacted Gayrard and learned about Plaintiff's complaint to the USDOE, Defendants Abramson, Gayrard, and other university employees formed a conspiracy to retaliate against Plaintiff for his complaint. Specifically, the defendants "communicated and agreed that Plaintiff should not be invited for the SCILL admissions interview

because of his complaints and his expressed intention to sue." *Id.* ¶ 33. On May 3, 2013, Abramson notified Plaintiff that he was not selected as "a finalist for this round," but that Plaintiff was on a waiting list for Fall 2013. *Id.* ¶ 34. Abramson also stated that she would not provide any information about Plaintiff's ranking on that waiting list. *Id.* However, according to Plaintiff, there was no such thing as a waiting list and the SCILL Program had been "struggling to find . . . minimally qualified students willing to apply." *Id.* Plaintiff alleges that all of the admitted applicants to the SCILL Program were young, and "their academic credentials were much inferior to those of Plaintiff." *Id.*

On June 10, 2013, Plaintiff notified Gayrard that Plaintiff would file a lawsuit against Gayrard. *Id.* ¶ 35. According to Plaintiff, "Defendants decided to retaliate further" by denying Plaintiff's admission to graduate studies at San Jose State University's Department of Biological Sciences. *Id.*

Plaintiff alleges that the CLS Training Program, the SCILL Program, and the participating laboratories "heavily discriminate on the grounds of age." *Id.* ¶ 27. Plaintiff further alleges: "No persons of the protected age have ever been admitted to either of [the CLS Training or the SCILL] programs. The age discrimination is rampant." *Id.*

Plaintiff alleges that he exhausted his administrative remedies with the USDOE on June 29, 2013. *Id.* ¶ 7. Plaintiff also alleges that he filed "several timely administrative claims with California State University Chancellor's Office." ECF No. 46 at 3. However, Plaintiff's claims were denied. *Id.* ¶ 8.

**B. Procedural Background**

On July 22, 2013, Plaintiff filed his original Complaint against Defendants. ECF No. 1. On October 22, 2013, Defendants filed a motion to dismiss pursuant to Rule 12(b)(6). ECF No. 12. After the Court granted Plaintiff's motion to extend time to file a response to the motion to dismiss, on January 23, 2014, Plaintiff filed an opposition. ECF No. 26. On January 24, 2014, Plaintiff filed an addendum to his opposition. ECF No. 28. On January 31, 2014, Defendants filed a reply. ECF No. 29. The Court held a hearing on May 15, 2014. ECF No. 36. Plaintiff filed a

supplemental letter brief on May 16, 2014. ECF No. 35.

On May 20, 2014, the Court granted Defendants' motion to dismiss. ("May 20, 2014 Order"), ECF No. 42. In the order, the Court granted with leave to amend Defendants' motion to dismiss Plaintiff's claims against the Board of Trustees; Plaintiff's § 1983 retaliation claim against Gayrard and Abramson; and Plaintiff's § 1985(3) claim against Gayrard and Abramson. May 20, 2014 Order at 20. The Court granted with prejudice Defendants' motion to dismiss Plaintiff's § 1983 claim based on due process and equal protection violations against Gayrard and Abramson; Plaintiff's Age Discrimination Act claim against Gayrard and Abramson; and Plaintiff's Age Discrimination in Employment Act claim against Gayrard and Abramson. *Id*. Finally, the Court declined to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and thus granted without prejudice Defendants' motion to dismiss Plaintiff's state law claims—FEHA claim, Bane Act claims, and IIED claim. *Id.* at 18–20.

On May 31, 2014, Plaintiff filed a First Amended Complaint ("FAC") against Defendants. ECF No. 45. On June 1, 2014, Defendants filed a motion to dismiss pursuant to Rule 12(b)(6). ("MTD"), ECF No. 49. On June 29, 2014, Plaintiff filed a response. ECF No. 51. On July 10, 2014, Defendants filed a reply. ECF No. 53.

On September 29, 2014, the Court granted in part and denied in part Defendants' motion to dismiss. ECF No. 60. The Court dismissed with prejudice all of Plaintiff's claims against Defendant Board of Trustees with the exception of Plaintiff's Age Discrimination Act claim. The Court granted leave to amend only with respect to Plaintiff's due process claims against Defendants Abramson and Gayrard. As to the remainder of Plaintiff's claims against the individual Defendants, the Court denied Defendants' motion to dismiss Plaintiff's § 1983 retaliation claim as related to the SCILL program, but dismissed with prejudice Plaintiff's other claims. The Court also dismissed Defendants Rech, Sneary, Boothby, and Wilkinson because Plaintiff had failed to secure Court approval or a stipulation to add new parties to the action.

On October 27, 2014, Plaintiff filed a motion for leave to file a motion for reconsideration of the Court's September 29, 2014 order dismissing Defendants Rech, Sneary, Boothby, and

United States District Court
Northern District of California

Wilkinson. ECF No. 65. The Court granted Plaintiff's motion for reconsideration on December 17, 2014. ECF No. 72.

On October 13, 2014, Plaintiff filed his SAC. ECF No. 64. Defendant Board of Trustees filed an answer to Plaintiff's Age Discrimination Act claim on October 27, 2014. ECF No. 67. The individual Defendants filed a motion to dismiss Plaintiff's due process claim as to only the individual Defendants that same day. ECF No. 66. Plaintiff filed an opposition on November 11, 2014, ECF No. 68, and Defendants filed their reply on November 18, 2014, ECF No. 69. On February 25, 2015, the Court granted the individual Defendants' motion, and dismissed Plaintiff's due process claim against the individual Defendants with prejudice, leaving only Plaintiff's § 1983 retaliation claim against the individual Defendants. ECF No. 106. Following the Court's February 25, 2015 order, the individual Defendants filed their joint answer to Plaintiff's SAC on March 6, 2015. ECF No. 107. At that point, all Defendants had filed their respective answers to Plaintiff' surviving Age Discrimination Act and § 1983 claim.

On December 19, 2014, Defendants filed a motion to dismiss pursuant to 28 U.S.C. § 1915(e)(2). ECF No. 73. More specifically, Defendants moved to dismiss Plaintiff's action on the basis of apparent material omissions in Plaintiff's in forma pauperis applications. Plaintiff filed an opposition, ECF No. 77, and Defendants filed a reply, ECF No.81. Defendants also filed requests for judicial notice, ECF Nos. 76, 83, and a motion for leave to file a supplemental reply brief, ECF No. 90. Plaintiff filed an opposition to Defendants' motion for leave to file a supplemental reply brief, ECF No. 91. On April 1, 2015, the Court granted Defendants' motion to dismiss pursuant to § 1915(e)(2). ECF No. 111.

On April 1, 2015, Plaintiff filed a motion for leave to file motion for reconsideration or, in the alternative, for leave to file an appeal in forma pauperis. ECF No. 112. On April 13, 2015, Plaintiff filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b). ECF No. 113. Defendants filed an opposition. ECF No. 114. Plaintiff filed a reply. ECF No. 115. On July 6, 2015, the Court denied Plaintiff's motion for leave to file motion for reconsideration, motion for reconsideration, and request to proceed in forma pauperis on appeal. ECF No. 116.

Plaintiff filed the instant motion for leave to appeal in forma pauperis on July 10, 2015. ECF No. 117.

## II. DISCUSSION

28 U.S.C. § 1915(a)(1) provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). Under Federal Rule of Appellate Procedure 24(a):

> (1) Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
> (B) claims an entitlement to redress; and
> (C) states the issues that the party intends to present on appeal.
> . . .
> (3) A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
> (A) the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding; or
> (B) a statute provides otherwise.

Fed. R. App. P. 24(a).

The determination of whether a plaintiff is indigent and therefore unable to pay the filing fee falls within the court's sound discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *reversed on other grounds*, 506 U.S. 194 (1993). A party need not be completely destitute to be eligible for in forma pauperis ("IFP") status. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). The affidavit supporting an IFP motion is sufficient if it alleges facts showing that the plaintiff, because of poverty, cannot pay or give security for court costs and still be able to provide herself and her dependents with "the necessities of life." *Id.* at 339.

The Court has found that Plaintiff intentionally and knowingly omitted material information about his financial status from his previously approved IFP applications before this Court. ECF No. 111. The Court found that these material omissions constitute a fraud on the Court. *Id.* Accordingly, the Court dismissed Plaintiff's case with prejudice based on Plaintiff's material omissions. *Id.*; *see Hoskins v. Dart*, 633 F.3d 541, 543–44 (7th Cir. 2011). Additionally, Plaintiff already has filed a motion requesting leave to appeal in forma pauperis. ECF No. 112. The Court denied that motion because the Court found that Plaintiff intentionally omitted material information from the previously approved IFP applications before this Court. ECF No. 116. Plaintiff's current motion for leave to appeal in forma pauperis does not present any new argument as to why the Court should depart from its previous ruling, nor does Plaintiff advance any argument that this Court should reconsider its prior order under Federal Rule of Civil Procedure 60(b). *See* ECF No. 117.

Therefore, because the Court has found that Plaintiff intentionally omitted material information from the previously approved IFP applications before this Court, the Court DENIES Plaintiff's motion for leave to appeal in forma pauperis.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion for leave to appeal in forma pauperis.

**IT IS SO ORDERED.**

Dated: September 1, 2015

_Lucy H. Koh_
LUCY H. KOH
United States District Judge